**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**EDWIN RIVERA,**

    **Plaintiff,**

v.                                                                  Case No:

**SUNTRUST BANK**,

    **Defendant.**                                **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **EDWIN RIVERA** ("Mr. Rivera" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, SUNTRUST BANK** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such debt using an automated voice or prerecorded message to call Mr. Rivera's Cellular Telephone after Mr. Rivera demanded Defendant's calls cease, by calling Mr. Rivera late at night without his consent, and by continuing to call Mr. Rivera despite his demand that Defendant's calls cease, which can reasonably be expected to harass Mr. Rivera.

## *Jurisdiction and Venue*

2.   This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.   Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).

4.   Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

5.   Plaintiff, Mr. Rivera, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.   Mr. Rivera is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-1782 ("Mr. Rivera's Cellular Telephone").

7.   At all times material hereto, Defendant was and is an active bank with its principle place of business in the State of GA and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

## *Statements of Fact*

8.   In or around September of 2009, Mr. Rivera opened an account with Defendant for a personal loan ("Account").

9.   Sometime thereafter, Mr. Rivera fell behind on his monthly payments to Defendant and incurred an outstanding balance owed on the Account ("Debt").

10. Defendant began placing calls to Mr. Rivera's Cellular Telephone in attempts to collect the Debt.

11. In or around August of 2016, Mr. Rivera spoke with one of Defendant's representatives and demanded that Defendant stop calling his Cellular Telephone.

12. Despite Mr. Rivera's demand, Defendant continued to place calls to Mr. Rivera's Cellular Telephone in attempts to collect the Debt.

13. Defendant called Mr. Rivera's Cellular Telephone at least forty (40) times during the time period from August of 2016 to the present date.

14. Defendant called Mr. Rivera's Cellular Telephone from several different telephone numbers, including, but not limited to: 877-654-9211, 844-297-2313, 888-886-0696, and 407-762-3978.

15. Defendant also called Mr. Rivera's Cellular Telephone late at night several times.

16. Specifically, on July 11, 2016, Defendant even called Mr. Rivera's Cellular Telephone at 10:16 p.m.

17. On January 14, 2018, Defendant called Mr. Rivera's Cellular Telephone at 10:37 p.m.

18. On January 14, 2018, Defendant called Mr. Rivera's Cellular Telephone at 10:38 p.m.

19. All of Defendant's calls to Mr. Rivera's Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

20. Mr. Rivera re-alleges paragraphs 1-19 and incorporates the same herein by reference.

21. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

22. Mr. Rivera revoked consent to have Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around August of 2016 when he expressly told Defendant to stop calling him.

23. Despite this revocation of consent, Defendant thereafter called Mr. Rivera's Cellular Telephone at least forty (40) times.

24. Defendant did not place any emergency calls to Mr. Rivera's Cellular Telephone.

25. Defendant willfully and knowingly placed non-emergency calls to Mr. Rivera's Cellular Telephone.

26. Mr. Rivera knew that Defendant called Mr. Rivera's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the calls from

Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

27. Mr. Rivera knew that Defendant called Mr. Rivera's Cellular Telephone using a prerecorded voice because Defendant left Mr. Rivera at least one voicemail using a prerecorded voice.

28. Defendant used an ATDS when it placed at least one call to Mr. Rivera's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Rivera's Cellular Telephone.

30. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Mr. Rivera's Cellular Telephone.

31. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Rivera's Cellular Telephone.

32. At least one call that Defendant placed to Mr. Rivera's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

33. At least one call that Defendant placed to Mr. Rivera's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

34. At least one call that Defendant placed to Mr. Rivera's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

35. At least one call that Defendant placed to Mr. Rivera's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

36. At least one call that Defendant placed to Mr. Rivera's Cellular Telephone was made using a prerecorded voice.

37. Defendant has recorded at least one conversation with Mr. Rivera.

38. Defendant has recorded more than one conversation with Mr. Rivera.

39. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Rivera, for its financial gain.

40. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Rivera's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

41. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Rivera, despite individuals like Mr. Rivera revoking any consent that Defendant believes it may have to place such calls.

42. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. Rivera's Cellular Telephone.

43. Defendant has corporate policies to abuse and harass consumers like Mr. Rivera despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

44. Defendant's phone calls harmed Mr. Rivera by trespassing upon and interfering with Mr. Rivera's rights and interests in his Cellular Telephone line.

45. Defendant's phone calls harmed Mr. Rivera by causing him embarrassment

46. Defendant's phone calls harmed Mr. Rivera by causing him emotional distress.

47. Defendant's phone calls harmed Mr. Rivera by causing him loss of sleep.

48. Defendant's phone calls harmed Mr. Rivera by causing him stress and anxiety.

49. Defendant's phone calls harmed Mr. Rivera by invading his privacy.

50. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

51. Mr. Rivera re-alleges paragraphs 1-19 and incorporates the same herein by reference.

52. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72 (7) by continuing to call Mr. Rivera despite Mr. Rivera's demand that Defendant's calls cease, which can reasonably be expected to harass Mr. Rivera.

   b. Defendant violated Fla. Stat. § 559.72 (17) by communicating with Mr. Rivera between the hours of 9 p.m. and 8 a.m. without Mr. Rivera's prior consent when Defendant called Mr. Rivera on July 11, 2016 at 10:16 p.m.; January 14, 2018 at 10:37 p.m.; and again on January 14, 2018 at 10:38 p.m.

53. As a result of the above violations of the FCCPA, Mr. Rivera has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

54. Defendant's phone calls harmed Mr. Rivera by trespassing upon and interfering with Mr. Rivera's rights and interests in his Cellular Telephone line.

55. Defendant's phone calls harmed Mr. Rivera by causing him embarrassment

56. Defendant's phone calls harmed Mr. Rivera by causing him emotional distress.

57. Defendant's phone calls harmed Mr. Rivera by causing him loss of sleep.

58. Defendant's phone calls harmed Mr. Rivera by causing him anxiety.

59. Defendant's phone calls harmed Mr. Rivera by invading his privacy.

60. It has been necessary for Mr. Rivera to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

61. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **EDWIN RIVERA**, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 27, 2018**,

>*/s/ Michael A. Ziegler*
>Michael A. Ziegler, Esq.
>Florida Bar No. 74864
>mike@zieglerlawoffice.com
>
>Kaelyn Steinkraus, Esq.
>Florida Bar No. 125132
>kaelyn@zieglerlawoffice.com
>
>Law Office of Michael A. Ziegler, P.L.
>13575 58th Street North, Suite 129
>Clearwater, FL 33760
>(p)  (727) 538-4188
>(f)  (727) 362-4778
>Attorneys and Trial Counsel for Plaintiff